IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00511-PAB
Criminal Case No. 14-cr-00160-PAB-1

UNITED STATES OF AMERICA,

v.

1. DONALD BRIAN WINBERG,

    Movant.

**ORDER DIRECTING MOVANT TO FILE
AMENDED 28 U.S.C. § 2255 MOTION**

Movant Donald Brian Winberg is a prisoner in the custody of the United States Bureau of Prisons, who currently is incarcerated at the Federal Correctional Institution in Big Spring, Texas. He initiated this action on February 27, 2017 by filing *pro se* a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Docket No. 214.

The Court must construe Movant's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Movant will be directed to file an amended § 2255 motion.

Movant pled guilty to two counts of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and to one count of an offense committed while on release in violation of 18 U.S.C. § 3147. See Docket No. 145. Movant was sentenced to a total term of

eighty-seven months.  *Id.*   On May 5, 2016, the United States Court of Appeals for the Tenth Circuit affirmed the judgment of conviction.   *See United States v. Donald Brian Winberg*, No. 15-1310 (10th Cir. May 5, 2016).   Movant asserts that he did not petition for certiorari review.   Docket No. 214 at 2.

The Court has reviewed the § 2255 motion and finds that the motion does not comply with Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.   Rule 2(c) provides that "[t]he motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."   Although Movant submitted the motion on a form that is appended to the Rules Governing Section 2255 Proceedings, he does not assert his claims on that form.   Instead, Movant refers to attached pages in support of the motion and fails to provide on the form a general statement of the nature of each claim.

Even if the Court considers the 99-page attachment, Movant's claims are not presented in a clear and concise manner that allows the Court and the government to know precisely how he believes his rights have been violated and why he believes he is entitled to relief.   Movant sets forth an extended and unnecessary discussion of the facts and legal arguments, rather than provide a generalized statement of the facts from which the government may form a responsive pleading.   He does not identify the nature of each of the six claims.   It is Movant's responsibility to present his claims in a manageable and readable format that allows the Court and the government to know what claims are being asserted and to be able to respond to those claims.

The Court does not require a long recitation of facts. Nor should the Court or government be required to sift through Movant's verbose allegations to determine the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Movant will be directed to amend the § 2255 motion if he wishes to pursue his claims. He must present his claims clearly and concisely. Movant also must delineate each claim in a manner that makes the nature of each claim, and the supporting factual allegations, readily apparent.

Finally, Movant has filed an Application to Proceed in District Court without Prepaying Fees or Costs (Long Form). Docket No. 212. Section 2255 proceedings are not separate civil actions, but are instead the continuation of the same criminal matter. *See United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993). A movant, therefore, is not required to pay a filing fee or to seek leave to proceed in forma pauperis. *Id.* Accordingly, it is

**ORDERED** that, on or before March 31, 2017, Movant shall file an amended 28 U.S.C. § 2255 motion that complies with the requirements specified in this Order. It is further

**ORDERED** that Movant shall obtain and utilize this Court's approved form for filing a 28 U.S.C. § 2255 motion (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is further

**ORDERED** that, if Movant fails to file an amended 28 U.S.C. § 2255 motion as directed within thirty days from the date of this Order, the Court will proceed to review the original motion pursuant to the Federal Rules of Civil Procedure and dismiss improper and insufficient claims accordingly.   It is further

**ORDERED** that Movant's Motion for Appointment of Counsel, Docket No. 210, and his Motion for Evidentiary Hearing, Docket No. 213, are denied as premature.   It is further

**ORDERED** that Movant's Application to Proceed in District Court without Prepaying Fees or Costs, Docket No. 212, is denied as unnecessary.

DATED this 1st day of March, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge