IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00511-PAB
(Criminal Case No. 14-cr-00160-PAB-1)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  DONALD BRIAN WINBERG,

      Defendant.

─────────────────────────────────────────────────────

### ORDER DENYING § 2255 MOTION

─────────────────────────────────────────────────────

Movant, Donald Brian Winberg, has filed, *pro se*, an amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Docket No. 216).  The United States has responded to the motion.  Docket No. 220.  Mr. Winberg filed a reply [Docket No. 221] and a memorandum of law [Docket No. 228].

The Court construes Mr. Winberg's filings liberally because he is not represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court will not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the § 2255 motion will be denied.

## I.  PROCEDURAL HISTORY

Mr. Winberg pled guilty to Counts 1 and 16 of the Superseding Indictment, charging two violations of 18 U.S.C. § 1349, conspiracy to commit wire fraud.  Docket No. 110.  The Court sentenced Mr. Winberg to a total of 87 months imprisonment.

Docket No. 145 at 2.   Mr. Winberg filed a direct appeal, Docket No. 147, but the Court of Appeals for the Tenth Circuit enforced Mr. Winberg's waiver of his right to file such an appeal and therefore dismissed it.  Docket No. 203.

Mr. Winberg's § 2255 motion claims that (1) he was selectively prosecuted; (2) the government committed a Brady violation; (3) his guilty plea was "coerced" by his attorney because his attorney did not spend sufficient time on his case and advise him about the statute he pled guilty to having violated; (4) his attorney failed to conduct a proper pre-trial investigation; and (5) there was a *Crawford* confrontation violation. Docket No. 216 at 4.  He seeks to have his convictions vacated and be released from custody.  *Id*. at 8.

## II. ANALYSIS

### A.  Plea Agreement Waiver

Mr. Winberg's § 2255 motion is subject to dismissal based on the collateral-attack waiver in his plea agreement.  The plea agreement states, in relevant part:

> [T]he defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.  This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute; (2) there is a claim that the defendant was denied the effective assistance of counsel; or (3) there is a claim of prosecutorial misconduct.  Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

Docket No. 111 at 3.

A collateral-attack waiver in a plea agreement will be enforced if: (1) the collateral attack falls within the scope of the waiver; (2) the defendant's waiver of his collateral

rights was knowing and voluntary; and (3) enforcement of the waiver would not result in a miscarriage of justice. *See United States v. Viera,* 674 F.3d 1214, 1217 (10th Cir. 2012) (applying analysis in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), for determining whether a plea agreement waiver of appellate rights is enforceable); *see also United States v. Frazier-LeFear*, No. 16-6128, 665 F. App'x 727, 729 (10th Cir. Dec. 15, 2016) (unpublished) (same).

### B.  Ineffective Assistance of Counsel Claims

The Court first considers Mr. Winberg's claims of ineffective assistance of counsel, which are an explicit exception to his appeal waiver.  In his third claim, Mr. Winberg argues that his plea was "coerced," Docket No. 216 at 6, 15-16, 19, but provides no argument or evidence of any coercion by his attorney or anyone else. Instead, he argues that his attorney spent little time on the case and that not until Mr. Winberg read the statute in the prison law library did Mr. Winberg understand that his "plea agreement was wrong."  *Id*. at 16.  In his fourth claim, Mr. Winberg elaborates on his counsel's alleged ineffectiveness, claiming that his attorney was distracted by billing issues, did not read five boxes of evidence that defendant gave him, did not conduct a suppression hearing, did not challenge various evidence, failed to inform him regarding the "stacking" of charges, and did not hire an investigator.  *Id*. at 17-18.  The defendant states that, as a result of this ineffective assistance of counsel, he was misinformed about the terms of his plea agreement, a conflict with his attorney existed, and there was a complete breakdown in communications.  *Id*. at 19.

Mr. Winberg's claims of ineffective assistance of counsel are contrary to what he told the Court at his change of plea hearing.  "[S]tatements on the record, 'as well as any

findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Thus, a defendant's "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id*. Under oath, Mr. Winberg stated that he had a sufficient amount of time to review his plea agreement and to talk to his attorney about it. Docket No. 199 at 17. Although Mr. Winberg says he did not understand the charge, Docket No. 216 at 15, 17, and was misinformed about the terms of his plea agreement, *id*. at 19, the Court explained the charges to Mr. Winberg at the plea hearing, Docket No. 199 at 11, and, after reviewing all the material terms of the plea agreement with Mr. Winberg, the Court found that he understood his plea agreement. *Id*. at 20. When asked at the hearing if he had any complaints or criticisms of his attorney or concerning the plea agreement that his attorney negotiated on Mr. Winberg's behalf, Mr. Winberg said, "I have no complaints." *Id*. at 18. When asked if he was satisfied with his attorney's representation, Mr. Winberg stated, "Yes, sir, very." *Id*. If his counsel did not read five boxes of documents, was distracted by billing issues, failed to file a suppression motion or challenge evidence, and did not hire an investigator contrary to Mr. Winberg's wishes, there would have been no reason for Mr. Winberg to indicate that he was satisfied with his attorney. Similarly, although Mr. Winberg claims that his attorney did not spend sufficient time with him discussing the plea agreement, Docket No. 216 at 15, Mr. Winberg told the Court that he had a sufficient amount of time to review the plea agreement and talk to his attorney about it. Docket No. 199 at 17. Mr. Winberg

4

complains that his attorney failed to challenge the victim's exaggerated loss claim, Docket No. 216 at 18, but had no disagreement with the loss amount at the change of plea hearing.  Docket No. 199 at 12.  Mr. Winberg's assertions under oath and in open court are entitled to a "strong presumption of verity" and should be credited over the post-hoc allegations in his motion.  *Blackledge*, 431 U.S. at 74; *cf. United States v. Freixas*, 332 F.3d 1314, 1318-19 (11th Cir. 2003) (holding that, in denying motion to withdraw guilty plea, court could discredit allegations that were inconsistent with findings when plea was entered).

Even if the ineffective assistance of counsel claims of Mr. Winberg that he arguably may have discovered only after his change of plea are considered on the merits, they must be denied for lack of specificity.  In order for a defendant to make an ineffective assistance claim, he must identify the specific "acts or omissions that are alleged not to have been the result of reasonable professional judgment."  *Strickland v. Washington*, 466 U.S. 668, 690 (1984).  Conclusory allegations about the failure of counsel are insufficient to sustain a § 2255 petition.  *See, e.g., Cummings v. Sirmons*, 506 F.3d 1211, 1227 (10th Cir. 2007); *United States v. Moser*, 570 F. App'x 800, 802 (10th Cir. 2014) (unpublished).  Mr. Winberg fails to identify what his counsel failed to discuss with him, Docket No. 216 at 15, what matters counsel failed to research, *id.*, and how documents in the five boxes would demonstrate his actual innocence.  *Id.* at 17.

Mr. Winberg also fails to indicate how he was prejudiced.  Because Mr. Winberg decided to plead guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  This inquiry turns on: (1) whether going to

trial would have been objectively rational under the circumstances; and (2) whether, in light of all the factual circumstances surrounding the plea, there is in fact a reasonable probability that Mr. Winberg would have rejected the proposed plea agreement and instead proceeded to trial. *Heard v. Addison*, 28 F.3d 1170, 1184 (10th Cir. 2013). For example, he states that his attorney failed to read Mr. Winberg's outline of facts, Docket No. 216 at 17, but fails to explain why the facts in his plea agreement were not sufficient to support his pleas of guilty and why other facts were inconsistent or could have changed the result. Mr. Winberg claims that his attorney failed to explain his lack of experience with fraud cases, *id.*, but does not indicate how more experienced counsel would have done things differently. Mr. Winberg claims that counsel failed to review, investigate, and challenge witness statements, *id.* at 17-18; however, he does not explain why such review would have changed anything or caused him not to plead guilty in light of the facts he admitted to at the change of plea hearing. Mr. Winberg claims that his attorney failed to hire an investigator, *id.* at 17-19, but does not indicate what the investigator would have discovered or how an investigator's work product would have changed his decision to plead guilty. *See Sirmons*, 506 F.3d at 1228. Although Mr. Winberg makes a sweeping statement that his counsel's "errors where [sic] so serious that they would have produced an entirely differnt [sic] outcome at trial," Docket No. 216 at 20, Mr. Winberg nowhere supplies details as to why, in light of his attorney's alleged deficiencies, he would have decided to go to trial instead of pleading guilty, especially given the stipulated facts in the plea agreement that Mr. Winberg told the Court were accurate.

Mr. Winberg claims that his counsel failed to conduct a suppression hearing, to impeach a certain witness, and to present evidence of prosecutorial misconduct. Docket No. 216 at 17. However, Mr. Winberg does not indicate whether such actions would have caused him to lose his plea bargain, what such actions would have accomplished or discovered, and how such actions would have caused him to decide not to plead guilty or to cause him a better result at trial.

Mr. Winberg states that his attorney had a conflict of interest with him, *id.* at 17, 19, but he fails to explain exactly what the conflict was, which is difficult to understand in light of his statement at the change of plea hearing that Mr. Winberg was "very" satisfied with counsel. Docket No. 199 at 18.

Finally, Mr. Winberg claims that his attorney provided ineffective assistance of counsel in connection with the new charges in the superseding indictment. Docket No. 216 at 18. But Mr. Winberg does not explain why the charges in the superseding indictment were improperly brought in this case or how he could have prevented the United States from proceeding on those charges in this case, why the result would have been any different had they been filed in a separate case, or, importantly, why he indicated to the Court at his change of plea hearing that he understood the parties' estimate of his advisory guideline sentencing range. Docket No. 199 at 13.

### C. <u>Selective Prosecution and Crawford Claims</u>

In his first claim, Mr. Winberg states that he was unconstitutionally subjected to selective prosecution because the presence of drought in Texas was an act of God that undermined the claim that he and his wife intended to defraud anyone. Docket No. 216 at 4, 9-10. He then argues that, because they were the only persons prosecuted for

failures to repay despite this act of God, this "would imply that some form of selective prosecution occurred." *Id.* at 10. In his fifth claim, Mr. Winberg states that his confrontation rights under *Crawford v. Washington*, 541 U.S. 36 (2004), were violated because the "true guilty party" was a person named David Faucette.[1] *Id.* at 21.

The Court finds that each of the three *Viera* factors is satisfied and, as a result, the appeal waiver bars these claims. 674 F.3d at 1217. First, both claims fall within the scope of the waiver, which includes a waiver of the "right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack including but not limited to a motion brought under 28 U.S.C. § 2255." None of the exceptions to the waiver clause apply to these claims. Second, Mr. Winberg's plea was knowing and voluntary. At the change of plea hearing, after asking questions of Mr. Winberg about his plea agreement and his intention to plead guilty to Counts 1 and 16 of the superseding indictment, the Court concluded that he entered the plea agreement "voluntarily, knowingly, and intelligently." Docket No. 199 at 20. The Court, in fact, read the language of Mr. Winberg's appellate waivers to him and asked him whether he believed that he understood them. *Id.* at 8-11. Mr. Winberg indicated that he had a chance to review the waivers with his attorney and believed that he understood them. *Id.* In his statement in advance of guilty plea, Mr. Winberg acknowledged that he waived the

---

[1] Mr. Winberg's arguments in his memorandum of law [Docket No. 228] are similar in that he claims that he had no intent to defraud. To the extent such arguments are new arguments, the Court will not consider them because they are made outside the briefing, the United States has had no opportunity to reply, and they are untimely. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000). To the extent that the arguments in his memorandum of law are clarifications, they fall within the scope of the appeal waiver.

right to bring a § 2255 motion, that he had discussed the terms of his plea agreement with his attorney, and that he was satisfied with counsel's representation. Docket No. 112 at 5-7.

Because Mr. Winberg's § 2255 motion falls within the scope of the collateral-attack waiver in his plea agreement and he has not made a colorable argument that his waiver was not knowing and voluntary, he must demonstrate that enforcement of the waiver would result in a miscarriage of justice. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. *See also United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (explaining that four exceptions listed in *Hahn* are exclusive means to establish miscarriage of justice).

The Court finds that none of the *Hahn* factors applies. The Court did not rely on an impermissible factor, Mr. Winberg does not claim that there was any ineffective assistance of counsel in regard to his appeal waiver, the sentence did not exceed the twenty year maximum, and there is no evidence that the waiver was otherwise unlawful. *See also* Docket No. 203. Consequently, the waiver is valid and precludes the relief requested in the first and fifth claims in his § 2255 motion.

### D.  Brady Violation Claim

In his second claim, Mr. Winberg argues that the government did not reveal to him a variety of information about this case. Docket No. 216 at 5, 13-14. This claim is not necessarily subject to Mr. Winberg's appeal waiver. *See United States v. Wright*, 43

F.3d 491, 496 (10th Cir. 1994).  However, the government is not required to produce material impeachment evidence to a defendant before he pleads guilty.  *United States v. Ellsbury*, 528 F. App'x 856, 859 (10th Cir. 2013) (unpublished).  Here, much of the evidence that Mr. Winberg claims was not produced relates to impeachment evidence regarding Mr. Faucette and, as a result, does not support his claim.  Moreover, as to non-impeachment evidence, a § 2255 petition must show that "but for the failure to produce such information [he] would not have entered the plea but instead would have insisted on going to trial.'"  *United States v. Walters*, 269 F.3d 1207, 1214 (10th Cir. 2001) (quoting *United States v. Avellino*, 136 F.3d 249, 256 (2d Cir. 1998)).  Mr. Winberg, however, does not make any attempt to explain why, had the allegedly withheld information been produced to him before his guilty plea, he would have rejected the government's plea offer and insisted on going to trial.  In fact, Mr. Winberg does not claim that the information that he complains about was not produced to him before his guilty plea or how or when he learned about such information.  As a result, Mr. Winberg's second claim must be denied as unsupported.

The Court concludes that each of Mr. Winberg's claims in his § 2255 petition must be dismissed.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its

resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

## III. ORDERS

For the reasons discussed above, it is

**ORDERED** that the amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 216], filed by Donald Brian Winberg, is DENIED. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is DENIED.

DATED December 31, 2018.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge